UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
FRANK DEMARTINO and TADCO
CONSTRUCTION CORP.,

               Plaintiffs,

   -against-

NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE and
AMANDA HILLER, Acting
Commissioner of the New York State
Department of Taxation and Finance,

              Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:21-cv-05967

*Appearances:*
BRYAN HA
455 Tarrytown Road, #1244
White Plains, New York 10607
*For Plaintiffs*

MATTHEW L. CONRAD
Assistant Attorney General
Office of the Attorney General
Division of State Counsel
28 Liberty Street
New York, NY 10005
*For Defendants*

**BLOCK, Senior District Judge:**

      Defendants New York State Department of Taxation and Finance and Amanda Hiller, its Acting Commissioner ("Defendants") move for dismissal of the Complaint, pursuant to FRCP 12(b)(1). Defendants' motion is GRANTED.

1

## I.

The Court will assume the Parties' familiarity with the facts. Defendants have moved for dismissal pursuant to letter brief submitted February 11, 2022. Plaintiffs opposed the motion pursuant to letter brief submitted February 25, 2022. Upon oral argument and review of the briefs, the Court grants Defendants' motion to dismiss.

The Tax Injunction Act ("TIA") and the principle of comity bar federal jurisdiction over the Plaintiffs' case. The TIA provides that federal courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "This prohibition is jurisdictional and operates to strip the federal courts from exercising subject matter jurisdiction over claims for both declaratory and injunctive relief." *MLB Enterprises, Corp. v. New York State Dep't of Tax'n & Fin.*, 832 F. App'x 24, 26–27 (2d Cir. 2020) (citing *Bernard v. Village of Spring Valley*, 30 F.3d 294, 297 (2d Cir. 1994)). The principle of comity similarly prohibits claims for damages under 42 U.S.C. § 1983. *See Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) (citing *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 n.8 (1981)).

It is settled that New York State does provide a "plain, speedy, and efficient" remedy. *See Tully v. Griffin, Inc.*, 429 U.S. 68, 74-77 (1976); *MLB Enterprises*, 832 F. App'x at 26–27; *Long Island Lighting Co.*, 889 F.2d at 431 ("Because New York

provides several remedies which afford [the taxpayer] an opportunity to raise all constitutional objections... the Tax Injunction Act bar[s] access to federal court.").

Plaintiffs seek a declaration that the remaining New York tax assessment violates the Plaintiffs' Eighth and Fourteenth Amendment rights and that the remaining tax liability is null and void. Plaintiffs also seek an injunction barring the Department from claiming TADCO owes additional taxes, interest, or penalties from the 2005 tax year, from taking enforcement action against Plaintiffs, and from continued assessment of Plaintiffs' tax liability. Plaintiffs argue that the TIA and principle of comity do not apply because the assessments in question are "penalties," not taxes. Plaintiffs' argument is misguided. Jurisdiction over this case clearly is proscribed under the Tax Injunction Act and under the principle of comity.

## II.

At oral argument, the Court ordered the Parties to participate in mediation, hoping that they could settle rather than reinstate these claims in a state administrative process or in state court. Upon reflection, this was improper. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998). Therefore, the Court withdraws its order to mediate.

## CONCLUSION

For the foregoing reasons, the Defendants' motion is GRANTED; Plaintiffs' request for leave to amend is DENIED; and the Court's order to mediate is WITHDRAWN.

**SO ORDERED.**

                                                           /S/ Frederic Block
                                                          FREDERIC BLOCK
                                                          Senior United States District Judge

Brooklyn, New York
March 4, 2022